1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   PAMELA CARTER,                    )      NO. EDCV 09-00333 SS
                                        )
12                  Plaintiff,          )
                                        )
13          v.                          )   **MEMORANDUM DECISION AND ORDER**
                                        )
14   MICHAEL ASTRUE,                    )
     Commissioner of the Social         )
15   Security Administration,           )
                                        )
16                  Defendant.          )
                                        )
17   ─────────────────────────────────

18                         **INTRODUCTION**

19

20       Plaintiff Pamela Carter("Plaintiff") brings this action seeking to

21   reverse the decision of the Commissioner of the Social Security

22   Administration (the "Commissioner" or the "Agency") denying her

23   application for Social Security Income benefits and to direct the

24   Commissioner to pay Supplemental Security Income benefits.   In the

25   alternative, Plaintiff asks for a remand.   The parties consented,

26   pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned

27   United States Magistrate Judge.   The parties filed a joint stipulation

28

on October 29, 2009.  For the reasons stated below, the decision of the Agency is REVERSED AND REMANDED for further proceedings.

## PROCEDURAL HISTORY

On June 17, 2004, Plaintiff filed an application for Social Security Disability Insurance ("SSDI") benefits claiming that she became disabled on August 2, 2003.  (Administrative Record ("AR") 33).  The Agency denied her application initially and upon reconsideration.  (AR 37, 43).  Plaintiff submitted a timely request for a hearing, which was held before Administrative Law Judge ("ALJ") Lowell Fortune on August 22, 2006.  (AR 250-283).

On September 28, 2006, the ALJ issued an unfavorable decision, (AR 8-16), and Plaintiff filed a Request for Review of the Hearing Decision. (AR 7).  The Appeals Council denied review of the decision on March 26, 2007.  (AR 4-6).  Plaintiff then commenced a civil action, <u>Carter v. Astrue</u>, EDCV 07-594 SS, resulting in a January 31, 2008 Memorandum Decision and Order remanding the case to the Commissioner of Social Security.  (AR 311-19).  The Appeals Council remanded the case for further proceedings on August 23, 2007.  (AR 320).

On October 7, 2008, a hearing was held before ALJ Lowell Fortune. (AR 488-519).  An unfavorable decision issued on December 18, 2008.  (AR 290).  Plaintiff then commenced the present action.

\\
\\

2

1

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

2

3       To qualify for disability benefits, a claimant must demonstrate
4   a medically determinable physical or mental impairment that prevents him
5   from engaging in substantial gainful activity[1] and that is expected to
6   result in death or to last for a continuous period of at least twelve
7   months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing
8   42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant
9   incapable of performing the work he previously performed and incapable
10  of performing any other substantial gainful employment that exists in
11  the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir.
12  1999) (citing 42 U.S.C. § 423(d)(2)(A)).

13

14      To decide if a claimant is entitled to benefits, an ALJ conducts
15  a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are:

16

17      (1)  Is the claimant presently engaged in substantial gainful
18           activity?  If so, the claimant is found not disabled.
19           If not, proceed to step two.

20      (2)  Is the claimant's impairment severe?  If not, the
21           claimant is found not disabled.  If so, proceed to step
22           three.

23      (3)  Does the claimant's impairment meet or equal one of list
24           of specific impairments described in 20 C.F.R. Part 404,

25  \\

26

27  _____

    [1]   Substantial gainful activity means work that involves doing
28  significant and productive physical or mental duties and is done for pay
    or profit.  20 C.F.R. § 416.910.

Subpart P, Appendix 1?   If so, the claimant is found disabled.   If not, proceed to step four.

(4)   Is the claimant capable of performing his past work?   If so, the claimant is found not disabled.   If not, proceed to step five.

(5)   Is the claimant able to do any other work?   If not, the claimant is found disabled.   If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.   If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).   The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240

---

[2]   Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a).

4

1 │ F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional
2 │ (strength-related)   and   nonexertional   limitations,   the   Grids   are
3 │ inapplicable and the ALJ must take the testimony of a vocational expert.
4 │ Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process.  At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date.  (AR 295).  At step two, the ALJ determined that Plaintiff's disorder of the cervical spine, disorder of the lumbar spine, disorder of the left shoulder, and status post-mild cerebrovascular accident are severe.  (AR 295).

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (AR 296).  The ALJ found that Plaintiff had the residual functional capacity to perform light work.  (Id.).  Specifically, the ALJ found that Plaintiff could:

> [O]ccasionally lift and/or carry 20 pounds and frequently 10
> pounds; she can stand and/or walk six hours in an eight hour
> work day and sit for six hours; she can push and pull with
> the   bilateral   upper   extremities   frequently;   she   can
> occasionally climb ropes and stairs, but is precluded from
> climbing  ladders,  ropes  or  scaffolds;  she  is  limited  to

5

frequent balancing, bending, stooping, crouching, and kneeling; she is precluded from extreme range of motion of the head and neck; she is precluded from reaching overhead with the left upper extremity and limited to frequent reaching in all directions; she is limited to frequent handling and fingering with the left upper extremity. (AR 296).

In making this determination, the ALJ reviewed the record, considering Plaintiff's testimony regarding symptoms, as well as medical diagnoses and treatment. (AR 297-302). The ALJ found Plaintiff's testimony to be "inconsistent and even contradictory." (AR 299). For example, he found that Plaintiff's asserted need for the assistance of a walker contradicted her earlier report that she had not used a walker. (AR 86; 94; 299). He also found that Plaintiff periodically altered her testimony regarding the length of time during which she could sit and walk. (AR 299). Additionally, the ALJ relied on his own observations during the hearing. (Id.). He noted that despite her complaints about having difficulty concentrating, "[t]he plaintiff did not demonstrate or manifest any difficulty concentrating;" and she "appeared to process the questions without difficulty, and to respond to the questions appropriately without delay." (Id.). The ALJ also determined that the Plaintiff's history of employment and receipt of worker's compensation benefits were inconsistent with a disabling condition. (AR 299).

The ALJ further found that the Plaintiff's medical treatment records did not support the degree of severity of side effects that Plaintiff complained of. (AR 297). The ALJ relied on evidence that

6

1 Plaintiff was not taking her medications.  (AR 298).  He pointed out
2 that Plaintiff did not bring the medications to her consultative
3 examinations, and could not remember which medications she was taking.
4 (Id.).

6     Specifically, the ALJ referred to physician's assistant Dan Lowry's
7 February 2006 through May 2006 reports, noting that Plaintiff denied
8 fatigue, weakness, headaches, dizziness, and blurred vision.  (AR 298;
9 382-99).   The ALJ also referred to Plaintiff's treatment records from
10 High Desert Community Center, ranging from June 2006 through July 2008,
11 noting that they did not support Plaintiff's alleged side effects from
12 medication.   (AR 298; 405-57).   The ALJ notes that contrary to
13 Plaintiff's testimony, no record evidence shows that Plaintiff visited
14 a physician monthly, or that Plaintiff was prescribed a cane.  (AR 298).

16     Furthermore, the ALJ pointed out that Plaintiff did not complain
17 to consultative examiner Dr. Yu about side effects of the medications.
18 (AR 298, 301).   In orthopedic examiner Dr. Flemming's July 6, 2006
19 report, Dr. Flemming noted "it is clear the patient was not temporarily
20 totally disabled at anytime."  (AR 244).

22     Relying on the medical record and Plaintiff's testimony, the ALJ
23 found at step four that Plaintiff retained the residual functional
24 capacity to perform her past relevant work as a hostess in a restaurant
25 or a recreational aide.   (AR 302).   The ALJ relied on Dr. Fleming's
26 opinion that Plaintiff "could return to modified work duty," (AR 244),
27 and Dr. Yu's opinion that Plaintiff should be able to do a significant
28 range of light work.  (AR 374).  The ALJ found that the medical evidence

1  did not support the alleged "intensity, persistence and limiting
2  effects" of the symptoms of Plaintiff's medically determinable
3  impairments.    (AR 301).    Specifically, he found that Plaintiff's
4  statements were "not credible."   (AR 300).

6        Finally, at step five, the ALJ found that Plaintiff was not under
7  a disability as defined in the Social Security Act. (AR 301).

9                          **STANDARD OF REVIEW**

11       Under 42 U.S.C. § 405(g), a district court may review the
12 Commissioner's decision to deny benefits.  The court may set aside the
13 Commissioner's decision when the ALJ's findings are based on legal error
14 or are not supported by substantial evidence in the record as a whole.
15 Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v.
16 Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

18       "Substantial evidence is more than a scintilla, but less than a
19 preponderance."  Reddick, 157 F.3d at 720.   It is "relevant evidence
20 which a reasonable person might accept as adequate to support a
21 conclusion."  Id.  To determine whether substantial evidence supports
22 a finding, the court must "'consider the record as a whole, weighing
23 both evidence that supports and evidence that detracts from the
24 [Commissioner's] conclusion.'"  Aukland, 257 F.3d at 1035 (quoting Penny
25 v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).   If the evidence can
26 reasonably support either affirming or reversing that conclusion, the
27 court may not substitute its judgment for that of the Commissioner.
28 Reddick, 157 F.3d at 720-21.

1          **DISCUSSION**

2

3      **A.    The ALJ Failed To Give Germane Reasons For Rejecting Lay**

4          **Witness Testimony**

5

6          Plaintiff contends that the ALJ did not properly consider the

7      testimony of lay witness Carolyn Williams.   The Court agrees.

8

9          In determining whether a claimant is disabled, an ALJ must consider

10     lay witness testimony concerning a claimant's ability to work.   Stout

11     v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006); Smolen v. Chater,

12     80 F.3d 1273, 1288 (9th Cir. 1996); 20 C.F.R. §§ 404.1513(d)(4) & (e),

13     and 416.913(d)(4) & (e).   Lay witness testimony as to a claimant's

14     symptoms cannot be disregarded without comment.   Stout, 454 F.3d at

15     1053; see also Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th

16     Cir. 2006).   The ALJ may discount the testimony of lay witnesses only

17     if he gives "reasons that are germane to each witness."   Dodrill v.

18     Shalala, 12 F.3d 915, 919 (9th Cir. 2001) ("lay testimony as to a

19     claimant's symptoms is competent evidence that an ALJ must take into

20     account, unless he or she expressly determines to disregard such

21     testimony and gives reasons germane to each witness for doing so."

22     (citations omitted)).   Furthermore, the reasons that are "germane to

23     each witness" must be specific.   Bruce v. Astrue, 557 F.3d 1113, 1115

24     (9th Cir. 2009) (citations omitted).

25

26         The ALJ must consider the testimony of friends and family members

27     under 20 C.F.R. § 404.1513(e)(2).   This provision states that the

28     Commissioner may consider observations by non-medical sources about how

                                    9

1 | impairments affect a claimant's ability to work. <u>See</u> <u>Smolen</u>, 80 F.3d
2 | at 1288.

3 |

4 | Here, the ALJ's complete disregard of Plaintiff's cousin's
5 | testimony, without comment, constitutes error. <u>Stout</u>, 454 F.3d at 1053.
6 | Plaintiff's cousin, Carolyn Williams, completed a Function Report on
7 | behalf of Plaintiff in November 2004.   (AR 112-20).   Ms. Williams
8 | stated that she is with Plaintiff three times a week.  (AR 112).   She
9 | described Plaintiff's day as spent "in bed" although she stated that
10 | Plaintiff goes to the doctor or food shopping.  (<u>Id.</u>).  Ms. Williams
11 | asserted that Plaintiff can no longer drive, do housework, lift, and
12 | that bending or walking have become "short." (AR 113).  According to Ms.
13 | Williams, Plaintiff is "up all night"  (<u>Id.</u>).  She further stated that
14 | specific impairments, such as a pinched nerve, back and leg spasms,
15 | affected Plaintiff's ability to lift, sit, climb stairs, kneel, bend,
16 | use hands, stand, reach, and walk.  (AR 115-17).  Additionally, Ms.
17 | Williams confirmed Plaintiff's prescription for and reliance on a
18 | walker.  (AR 118).

19 |

20 | The ALJ's decision is devoid of any reference to Ms. Williams'
21 | statements.  The ALJ commented that, in reaching his decision, he had
22 | "assessed the credibility of each person who gave evidence."  (AR 299).
23 | He further stated that he had "considered the testimony of the claimant
24 | as well as statements in the activity questionnaires."  (<u>Id.</u>).  These
25 | generalized statements do not satisfy the standard of giving specific
26 | reasons "germane to the witness" for rejecting lay witness testimony.

27 |

28 |

**B.**  **The ALJ's Failure To Consider Carolyn Williams' Testimony Was Not Harmless Error**

The ALJ's failure to consider Carolyn Williiams' testimony, or provide any germane reasons for rejecting it, was not harmless error. Where, as here, the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination. Stout v. Comm'r, 454 F.3d 1050, 1055.

Here, the ALJ's rejection of Plaintiff's testimony materially impacted his decision. (AR 301). However, the ALJ's decision failed to consider Carolyn William's testimony that supported Plaintiff's complaints of insomnia and functional limitations.

The Court cannot determine with certainty that a reasonable ALJ, giving full credit to Ms. Williams' testimony, would have reached the same disability determination. Given the standard set forth in Stout, this was not harmless error. Accordingly, this case must be remanded for the ALJ to consider the lay witness testimony. If such testimony is rejected, the ALJ must provide express and specific reasons, germane to the witness, for rejecting the testimony.

As remand is appropriate on the issues discussed above, the Court declines to reach the remaining contentions raised by Plaintiff.

**CONCLUSION**

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.   IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this order and the Judgment on Counsel for both parties.

DATED: December 15, 2009.

/s/

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE